Craig A. Brandt (SBN 133905)
LAW OFFICE OF CRAIG A. BRANDT
5354 James Avenue
Oakland, CA  94618
Telephone: (510) 601-1309
Email:  craigabrandt@att.net

Attorneys for Plaintiff
EDEN ENVIRONMENTAL CITIZEN'S GROUP, LLC

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDEN ENVIRONMENTAL CITIZEN'S GROUP, LLC, a California limited liability company,<br><br>     Plaintiff,<br><br>vs.<br><br>CHANNEL LUMBER COMPANY, INC., a California corporation, MASSIMO DESIMONI, an individual,<br><br>     Defendants. | Case No.: 3:21-cv-00295 - SK<br><br>**[PROPOSED] STIPULATION FOR CONSENT JUDGMENT AND DISMISSAL**<br><br>(Federal Water Pollution Control Act, 33 U.S.C. § 1251 et seq.)<br><br>The Honorable Sallie Kim |

## STIPULATION FOR CONSENT JUDGMENT AND DISMISSAL

WHEREAS, Eden Environmental Citizen's Group, LLC ("EDEN") is an environmental citizen's group organized under the laws of the State of California, dedicated to protect, enhance, and assist in the restoration of all rivers, creeks, streams, wetlands, vernal pools, and tributaries of California, and the United States;

WHEREAS, Channel Lumber Company, Inc. ("CHANNEL LUMBER"), is a corporation organized under the laws of California;

WHEREAS, CHANNEL LUMBER operates a business with two primary industrial activities at its facility, namely the wholesale and retail sale of lumber under SIC Codes 5031 and 5211, and alleges that it is not required to be covered under the General Permit because

its other industrial activities are not "primary" since each represent a small percentage (less than 6%) of its total income;

WHEREAS, EDEN contends CHANNEL LUMBER operates a business with multiple primary industrial activities at its facility, including, but not limited to, manufacturing fabricated wood millwork under SIC Code 2431 and alleges that CHANNEL LUMBER is required to be covered under the General Permit;

WHEREAS, CHANNEL LUMBER is located at 100 West Cutting Boulevard, Richmond, California ("Site" or "Facility"), which EDEN alleges discharges storm water associated with industrial activities pursuant to the State Water Resources Control Board's General Industrial Activities Storm Water Permit, Order No. 2014-0057-DWQ, NPDES Permit No. CAS000001, and any amendments thereto ("General Permit");

WHEREAS, Massimo Desimoni is the Chief Executive Officer for the Facility, which EDEN alleges is the responsible corporate officer required to obtain a General Permit on behalf of CHANNEL LUMBER and to implement its provisions;

WHEREAS, on or about July 7, 2020, EDEN provided CHANNEL LUMBER with 60-Day Notice of Violations and Intent to File Suit ("Notice Letter") under section 505 of the Federal Water Pollution Control Act, 33 USC § 1365 (the "Act" or "CWA"), alleging violations under CWA and General Permit relating to activities at the Site;

WHEREAS, on or about January 12, 2021, EDEN filed its Complaint (Civil Action No. 3:21-cv-00295 – SK) in U.S. District Court for the Northern District of California against CHANNEL LUMBER, a California corporation and Massimo Desimoni individually, who collectively herein, shall be referred to as ("Defendants");

WHEREAS, EDEN has discovered after filing its complaint that the Facility's operations were covered under the previous version of the General Permit under Waste Discharger Identification Number ("WDID") 2 07I024462 in 2013-14 until a Notice of Termination (NOT) ID number 522822 was issued;

WHEREAS, after motion practice, the Defendants on or about June 21, 2021, filed their Answer denying all allegations and claims contained in the Notice Letters and/or Complaint, and reserved all rights and defenses with respect to such allegations and claims;

WHEREAS, Defendants have now voluntarily elected to obtain Industrial General Permit coverage in order to settle this matter. However, Defendants' position is that, both before and after the filing of the Complaint, Defendants were only primarily engaged in the wholesale and retail sale of lumber and that they were not required to obtain coverage under the General Permit, and further had an approved NOT evidencing that fact;

WHEREAS, EDEN alleges the previous NOT issued to Defendants was not properly issued because Defendants' millwork was a separate "primary industrial activity" as referenced under the General Permit;

WHEREAS, EDEN and Defendants (collectively, "the Parties"), through their authorized representatives and without either adjudication of the Complaint's claims or admission by Defendants of any alleged violation or other wrongdoing, have chosen to resolve this action through settlement to avoid the high costs and uncertainties of further litigation;

NOW, THEREFORE, FOR GOOD AND VALUABLE CONSIDERATION, THE RECEIPT AND SUFFICIENCY OF WHICH IS HEREBY ACKNOWLEDGED, THE PARTIES EACH HEREBY STIPULATE BETWEEN THE SETTLING PARTIES, AND THE COURT ORDERS AND DECREES THE FOLLOWING:

## **TERMS AND CONDITIONS**

1.     This Consent Judgment, and each of its provisions, including all representations; warranties, and promises contained herein, binds, and inures to the benefit of EDEN and Defendants, and each of their respective assigns, present and future operators, affiliates, parents, subsidiaries, predecessors, and successors in interest whether by merger, consolidation, or otherwise, as well as their respective representatives, agents, members,

officers, and administrators, past, present, and future.

2.    The term "Effective Date," as used in this Consent Judgment, shall mean the date the Court enters this Consent Judgment following the last date for the United States Department of Justice to comment on the [Proposed] Consent Judgment and Stipulated Dismissal, i.e., the 45th day  after the United States Department of Justice's receipt of the [Proposed] Consent Judgment and Dismissal.

3.    This Consent Judgment will terminate two (2) years from the Effective Date ("Termination Date"), or at such time as Defendants obtain a new Notice of Termination ("NOT") or a No-Exposure Certificate ("NEC") from the Regional Water Board; at which time the Consent Judgment, and all obligations under it, shall automatically terminate, unless one of the Parties has previously invoked Dispute Resolution in accordance with the Consent Judgment.  Defendants, during the term of this Consent Judgment, will not seek a new NOT claiming the custom millwork it produces is not a primary industrial activity under the General Permit. The word "Term," as used in this Consent Judgment, shall mean that period between the Effective Date and the Termination Date.

### ACTIONS TO BE TAKEN BY CHANNEL LUMBER

For the Term of this Consent Judgment or until such time as Defendants obtains a new NOT or a NEC:

4.    **Compliance with the General Permit**:  Defendants agree to sign up for the General Permit within fifteen (15) days of the Effective Date, and to prepare a Storm Water Pollution Prevention Plan ("SWPPP") and Site Map for the facility and to upload said documents to the Water Boards' Storm Water Multiple Application and Report Tracking System ("SMARTS") within thirty (30) days of the Effective Date of this Consent Judgment, and once covered by the General Permit, to fully comply with the Clean Water Act, its regulations, and

other legal requirements which may be imposed upon Defendants in connection with the General Permit and implementation of its SWPPP, including:.

    (a)    **Best Management Practices**: Defendants agree to implement and maintain all minimum and advanced Best Management Practices ("BMPs") contained in its Storm Water Pollution Prevention Plan ("SWPPP"), as well as all BMPs recommended by its retained Qualified Industrial Stormwater Practitioner ("QISP") or other qualified environmental consultant.

During rainy season (October 1 through May 1), Defendants agree to conduct a daily visual inspection of all treated lumber on pallets stored outside on the site and if said lumber is not already covered in plastic and/or other water proof material, to cover said lumber with water proof tarps and/or their equivalent, at the close of business. During rain events, Defendants agree to keep treated lumber covered when not in active use.

    (b)    **SWPPP and Site Map** Defendants agree to include a detailed description of their fueling operations in the Facility's SWPPP and Site Map.

    (c)    **Storm Water Sample Collection and Analysis**: Defendants agree to collect and analyze storm water samples from the Site from Qualifying Storm Events ("QSEs") as defined in the General Permit, at the times and frequencies required by the General Permit. Defendants shall ensure that the collection, preservation, and handling of these storm water samples are in accordance with *General Permit Attachment H, Storm Water Sample Collection and Handling Instructions*.

    (1) *Sampling and Analysis*

i.       Samples are to be collected at all discharge locations identified in Defendant's SWPPP where a discharge occurs, and must be representative of storm water associated with industrial activities and any commingled authorized Non-Storm Water Discharges ("NSWDs"), or associated with any discharge of contained storm water;

ii.      All collected samples from the Site are to be analyzed for the following parameters: Total Suspended Solids (TSS); Oil and Grease (O&G); pH, and Chemical Oxygen Demand (COD), [General Permit, Table 1, Additional Analytical Parameters];

iii.     In addition, Defendants agree to analyze four (4) storm water samples for the additional parameter of Total Petroleum Hydrocarbons of diesel (i.e., TPH-d). The four (4) storm water samples shall be completed consecutively as outlined in Section XI.2.B of the General Permit . EDEN agrees that once the additional parameter of TPH-d has demonstrated four (4) consecutive samples of no TPH-d exceedances, then Defendants may stop analyzing for this additional parameter (i.e., TPH-d).

iv.      Samples are to be forwarded to a California-certified analytical laboratory selected by Defendants in its sole discretion, within forty-eight (48) hours of collection; and

v.       Defendants shall upload to SMARTS all sample analyses received from its analytical laboratory within thirty (30) days of receipt of the sample data.

(d)    **Mitigation of Potential Exceedances**:  In the event that the sample analyses (laboratory reports) of Defendants' storm water samples referred to in Section 4(c), above, indicate results for the tested parameters that exceed either the instantaneous or annual Numeric Action Levels ("NALs") as indicated in Table 2 of and interpreted as prescribed under the General Permit, Defendants agree to work with its designated QISP or environmental consultant to review Defendants' housekeeping practices and BMPs and if necessary revise its SWPPP in order to reduce its tested pollutant parameters, and to provide training and consultation to achieve that objective.

5.    **Submission of Additional Reports to EDEN**:  To the extent that annual or other monitoring reports are not otherwise uploaded to and made available on the State Water Resources Control Board's SMARTS database, Defendants agree to provide EDEN with a copy of any reports concerning industrial storm water matters addressed in this Consent Judgment upon request. Defendants may furnish copies of any such reports to EDEN in either hard copy or digital form.

6.    **Site Visit**: Prior to the Termination Date of this Consent Judgment, EDEN may request a site visit to review Defendant's compliance with the General Permit. EDEN shall provide Defendants with a minimum of seventy-two (72) hours' notice in accordance with the notice requirements of this Consent Judgment and shall set the Site visit at a time during business hours convenient to Defendants and its consultant and counsel. Defendants have the right to obtain a split sample or take a separate sample at the same time and location if a sample is taken during the visit.

7.    **Annual QISP Review**:  Defendants' neutral third-party QISP of its choice will review BMPs and site procedures to ensure compliance with the General Permit at least once each year.  Defendants shall provide EDEN with documented results of each visit, and these results shall be uploaded to the SMARTs system.  EDEN will accept Exceedance Response Reports or Annual Evaluation Reports in compliance with this Section.

8.    **Annual Training**:  Defendants will conduct annual training for its storm water personnel on storm water monitoring and reporting, BMPs, the General Permit, and General Permit compliance. Defendants will document such training and if requested, provide documentation of the training to EDEN.

9.    **Release Payment**.  In exchange for the Releases set forth in this Consent Judgment, Defendants shall pay to EDEN the total combined sum of Thirty-Five Thousand Dollars and No Cents ($35,000.00) representing Defendants' full satisfaction of all claims by EDEN.  Said payment to EDEN shall be made by Defendants in the form of a certified or cashier's check made payable to "Craig A. Brandt Attorney Trust Fund" within five (5) business days of the Effective Date of this Consent Judgment, forwarded by overnight mail with tracking to Craig A. Brandt at the address listed below:

Craig A. Brandt
Law Office of Craig A. Brandt
5354 James Avenue
Oakland, CA  94618

Telephone: (510) 601-1309
Email: craigabrandt@att.net

Provision of the afore-mentioned funds shall constitute full and final payment for all EDEN's claims and for all costs of anticipated litigation, and attorneys' and expert's fees and

costs incurred by EDEN that have or could have been claimed in connection with EDEN's allegations in its Notice Letters and Complaint and/or under state or federal law.

10. **Environmental Mitigation Payment.** In recognition of the good-faith efforts by Defendants to comply with all aspects of the General Permit and the CWA, Defendants agree to pay the sum of Two Thousand Five Hundred Dollars and No Cents ($2,500.00) to San Francisco Estuary Institute for the sole purpose of providing environmentally beneficial projects within the greater San Francisco Bay Area to improve water quality in those communities. Such payment shall be remitted within five (5) business days of the Effective Date of this Consent Judgment, directly to San Francisco Estuary Institute at:

> Anna De Lopez
> San Francisco Estuary Institute
> 4911 Central Avenue
> Richmond, CA 94804
>
> Telephone: (510) 746-7347
> Email: annad@sfei.org

Further, within five (5) business days of the Effective Date of this Consent Judgment, Defendants agree to provide confirmation of the Environmental Mitigation Payment by way of an email directed to the Law Offices of Craig A. Brandt: craigabrandt@att.net. Said confirmation shall include reasonable information demonstrating the date and amount of the payment.

11. **Compliance Monitoring Funding.** To defray EDEN's reasonable investigative, expert, consultant and attorneys' fees and costs associated with monitoring Defendants' compliance with this Consent Judgment, Defendants agree to contribute Two Thousand Five Hundred Dollars and no cents ($2,500), for each of the two (2) Reporting Periods covered by this Consent Judgment, or until such time as a NOT or NEC is obtained,

to a compliance monitoring fund maintained by EDEN's counsel. All compliance monitoring

funding checks shall be made payable to "Craig A. Brandt Attorney Trust Fund" and

forwarded to the Law Office of Craig A. Brandt as indicated in <u>Section 9</u>, above. Payment of

the first annual compliance monitoring fee is due within five (5) business days of the

Effective Date of this Consent Judgment. Payment of the second compliance monitoring fee

shall be made on or before July 15, 2022.

12.    **Breach of Payment.**  If any payment owed under this Consent Judgment is not

remitted or post-marked on or before its due date, EDEN shall provide written notice to

Defendants; if Defendants fails to pay within three (3) weeks of such notice, then all future

payments due hereunder shall become immediately due and payable, with the prevailing

federal funds rate applying to all interest accruing on unpaid balances due hereunder,

beginning on the due date of the funds in default.

13.    **Dispute Resolution.**  If a dispute under this Consent Judgment arises, or the

Parties believe that a breach of this Consent Judgment has occurred, the Parties shall schedule

a meet and confer within ten (10) business days of receiving written notification from the

other Party of a request for a meeting to determine whether a violation of this Consent

Judgment has occurred and to develop a mutually agreed upon plan, including implementation

dates, to resolve the dispute.  If the Parties fail to meet and confer or the meet and confer does

not resolve the issue, after at least ten (10) business days have passed after the meet and

confer occurred or should have occurred, either Party shall be entitled to all rights and

remedies under the law, including bringing a motion before the United States District Court

for the Northern District of California for the limited purpose of enforcing the terms of this

Consent Judgment. The prevailing Party shall be entitled to seek attorney fees and costs

incurred in any such action pursuant to the provisions set forth in Section 505(d) of the Clean Water Act, 33 U.S.C. §1356(d), and applicable case law interpreting such provisions.

## JURISDICTION OVER PARTIES AND SUBJECT MATTER

14.    **Jurisdiction.**  For the purposes of this Consent Judgment only, the Parties stipulate that the United States District Court of California, Northern District of California, has jurisdiction over the Parties and subject matter of this Consent Judgment during the Term of this Consent Judgment.  The Parties stipulate that venue is appropriate in the Northern District of California and that Defendants will not raise in the future as part of enforcement of this Consent Judgment whether EDEN has standing to bring the Complaint or any subsequent motion filed pursuant to the Dispute Resolution procedures herein.  Defendants reserves all other rights and defenses in any such proceeding.

15.    **Notice of Settlement, Statutory Agency Review and Case Dismissal.**

(a)    Within three (3) business days of receiving all the Parties' signatures to this Stipulation for Consent Judgment and Dismissal, EDEN shall submit the signed Stipulation for Consent Judgment and Dismissal to the U.S. Department of Justice ("DOJ") and EPA for agency review consistent with 40 C.F.R. § 135.5 and shall concurrently provide Defendants with proof of such transmittal.  The agency review period expires forty-five (45) days after receipt by the DOJ, evidenced by correspondence from DOJ establishing the review period.

(b)    Within three (3) days of the mutual execution of this Consent Judgment, EDEN shall submit a Notice of Settlement to the Northern District Court in the above captioned matter.

(c)     Within seven (7) days of the expiration of the 45-day agency review period described above, the Parties shall so notify the Court and request that the Court enter the Proposed Order implementing the Consent Judgment and Dismissal.

(d)     The Dismissal shall provide that the Complaint and all claims against Defendants shall be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2); and that the Court shall retain and have jurisdiction over the Parties with respect to disputes arising under this Consent Judgment, which shall be attached thereto and fully incorporated by reference, through the Termination Date. Nothing in this Consent Judgment shall be construed as a waiver of any Party's right to appeal from an order that arises from a motion to enforce the terms of this Consent Judgment.

## WAIVER AND RELEASES

16.     **EDEN's Waiver and Release of Noticed Parties**.  EDEN, on its own behalf and on behalf of its officers, directors, employees, parents, subsidiaries, affiliates and each of their successors and assigns releases Defendants, its officers, directors, employees, members, parents, subsidiaries, affiliates, successors or assigns, agents, attorneys and other representatives from and waives all claims raised in the 60-Day Notices and/or the Complaint, including all claims for fees (including fees of attorneys, experts, and others), costs, expenses, or any other sum incurred or claimed or which could have been claimed for matters included in the 60-Day Notices and/or the Complaint.

17.     **Defendants' Release of EDEN**.  Defendants, on their own behalf and on behalf of its officers, directors, employees, members, parents, subsidiaries, affiliates, or their successors or assigns release EDEN and its officers, directors, employees, members, parents,

subsidiaries, and affiliates, and each of their successors and assigns from, and waive all claims

which arise from or pertain to, the 60-Day Notices and/or the Complaint, including all claims

for fees (including fees of attorneys, experts, and others), costs, expenses or any other sum

incurred or claimed or which could have been claimed for matters included in the 60-Day

Notices and/or the Complaint, except that Defendants does not release EDEN from any or all

claims, including all claims for fees (including fees of attorneys, experts, and others), costs,

expenses or any other sum incurred or claimed or which could have been claimed for matters

pertaining to any Dispute Resolution identified herein under Section 13.

18.    **Release of Liability Under Civil Code § 1542**. The Parties acknowledge that

they are familiar with Section 1542 of the California Civil Code.  For any other claims against

each other, known or unknown, suspected or unsuspected, and each party expressly waives and

relinquishes any rights and benefits which they have or may have under Section 1542 of the Civil

Code of the State of California, which provides:

> *A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.*

The Parties acknowledge that each has specifically reviewed with its attorney the

meaning and effect of the release set forth herein, the language of California Civil Code Section

1542, and the waiver contained herein.  The Parties acknowledge that their attorneys have fully

explained the impact of these provisions, and the Parties knowingly accept the risks associated

with these provisions.

19.    **Covenant Not to Sue**.  As of the Effective Date of this Consent Judgment, and

for a period of two years after the Termination Date of this Consent Judgment, EDEN agrees that

neither EDEN, its officers, directors, executive staff, members, nor any individuals or

organization under the control of EDEN, its officers, executive staff, or members of its governing board, will serve any 60-day Notice of Violations and Intent to Sue or file any lawsuit against Defendants or their respective affiliates, past and present employees, operators, officers, directors, officials, consultants, attorneys, members, principals, agents and representatives, predecessors, successors, or assigns seeking relief for alleged violations of the CWA, or any similar state statutes and/or regulations, including the Porter Cologne Water Quality Control Act (Cal. Water Code § 13000 et seq.), or of the General Permit, related to the Site. EDEN further agrees that it shall not initiate or support such lawsuits against Defendants or their affiliates, past and present employees, operators, officers, directors, officials, consultants, attorneys, members, principals, agents and representatives, predecessors, successors, or assigns brought by other groups or individuals by providing financial assistance, personnel time, or any other affirmative actions.

20.    **No Admission**.  This Consent Judgment is the direct result of a compromise of disputed allegations and claims.  As such, this Consent Judgment shall not, for any purpose, be considered as an admission of liability by Defendants or any other party, nor shall the payment of any sum of money in consideration for the execution of this Consent Judgment constitute or be construed as an admission of any liability by Defendants or any other party, and such alleged liability, and any alleged wrongdoing, is expressly denied.

21.    **Force Majeure**.  None of the Parties shall be deemed in default or breach of this Consent Judgment by reason of any event that constitutes a force majeure.  For purposes of this Consent Judgment, a force majeure is defined as any event arising from causes beyond the reasonable control of the Parties or their contractors that delay or prevents performance.  This includes, without limitation, acts of God, acts of war, acts of terrorism, fire, explosion,

Consent Judgment and Dismissal                14                Case No.: 3:21-cv-00295 - SK

extraordinary weather events, a local or nationally declared health epidemic or pandemic,

including but not limited to COVID-19, restraint by court order or public authority, or other

causes beyond the Parties' reasonable control.

22.   **Notices.** All notices, consents, approvals, requests, demands and other

communications (collectively, "Notices") which the Parties are required or desire to serve upon

or deliver to the other Party shall be in writing and shall be given by nationally-recognized

overnight courier, by certified United States mail, return receipt requested, postage prepaid,

addressed as set forth below, or by electronic mail addressed as set forth below:

**If to EDEN:**

Craig A. Brandt
Law Office of Craig A. Brandt
5354 James Avenue
Oakland, CA  94618
Telephone: (510) 601-1309
Email: craigabrandt@att.net

**If to Channel Lumber:**

Mr. Erin Noble
Channel Lumber
100 West Cutting Boulevard
Richmond, CA 94804
Telephone: (510) 234-0233
Email: erin@channellumber.com
and Legal@channellumber.com

and

Melissa Thorme
Downey Brand LLP
621 Capitol Mall 18th Floor
Sacramento, CA 95814
Telephone: (916) 520-5376
Email: mthorme@downeybrand.com

The foregoing addresses may be changed by Notices given in accordance with this Section.  Any Notices sent by mail shall be deemed received two (2) days after the date of mailing. Any Notices sent by electronic mail shall be deemed received upon electronic transmission thereof provided sender does not receive electronic notice of non-delivery.  Any Notices sent by overnight courier service shall be deemed received on the day of actual delivery as shown by the confirmation of delivery by the messenger or courier service.  If the date of receipt of any Notices to be given hereunder falls on a weekend or legal holiday, then such date of receipt shall automatically be deemed extended to the next business day immediately following such weekend or holiday for purposes of calculating time periods commencing upon the date of service.

23.    **Attorneys' Fees**.  In any <u>future</u> dispute arising out of or related to this Consent Judgment, whether resulting in the filing of suit in any court of competent jurisdiction, or whether settled out of court, the prevailing party shall have the right to collect from the other party its reasonable attorney fees and costs, as well as all necessary expenditures.  Other than the payment to EDEN under <u>Section 9</u>, herein, each Party shall bear its own attorneys' fees and costs relating to the subject matter of this Consent Judgment.

24.    **Parties' Acknowledgment of Terms.**  Each Party hereby represents that it has carefully and fully read and reviewed this Consent Judgment and that it has had an opportunity to consult with its respective counsel, and hereby represents that the contents of this Consent Judgment are understood and accepted.

25.    **Interpretation and Applicable Law**.  The language in all parts of this Agreement, unless otherwise stated, shall be construed according to its plain and ordinary meaning, except as to those terms defined in the General Permit, the Clean Water Act, or

specifically herein. This Consent Judgment shall be construed and interpreted in accordance with the laws of the State of California without regard to principles of conflicts of law.

26. **Assignment**.  Subject only to the express restrictions contained in this Consent Judgment, all the rights, duties and obligations contained in this Consent Judgment shall inure to the benefit of and be binding upon the Parties and their successors and assigns.

27. **Counterparts**.  This Consent Judgment may be executed in one or more counterparts, all of which together shall constitute one original Consent Judgment. Telecopy, electronic, and/or facsimile copies of original signature shall be deemed to be originally executed counterparts of this Consent Judgment.

28. **Headings**.  The headings used in this Consent Judgment are for convenience of reference and shall not be used to define any provision.

29. **Integrated Consent Judgment**.  This is an integrated Consent Judgment, which constitutes the entire agreement between the Parties hereto with respect to the subject matter set forth herein and supersedes all previous or contemporaneous negotiations, commitments (oral or written), and writings with respect to the subject matter set forth herein.

30. **Modification or Amendment**.  This Consent Judgment and each of its provisions may be modified or amended only by express written agreement executed by all Parties to this Consent Judgment.

31. **No Representations or Warranties**.  This Consent Judgment is given voluntarily, free of undue influence, coercion, duress, menace, or fraud of any kind.  Except as otherwise expressly set forth in this Consent Judgment, no Party, nor any officer, agent, employee, representative, or attorney of or for any Party, has made any statement or representation to any other Party regarding any fact relied upon in entering this Consent

Judgment, and no Party is relying upon any statement, representation, or promise of any other Party, nor of any officer, agent, employee, representative, or attorney of or for any Party, in executing this Consent Judgment or in making the settlement provided herein, except as expressly stated in this Consent Judgment.

32. **Severability.** If any term of this Consent Judgment is to any extent illegal, otherwise invalid, or incapable of being enforced, such term shall be excluded to the extent of such invalidity or unenforceability; all other terms hereof shall remain in full force and effect; and, to the extent permitted and possible, the invalid or unenforceable term shall be deemed replaced by a term that is valid and enforceable and that comes closest to expressing the intention of such invalid or unenforceable term.

33. **Negotiated Consent Judgment.** The Parties acknowledge they have negotiated this Consent Judgment and agree that the terms shall not be construed against the Party preparing it, but instead shall be construed as if the Parties jointly prepared this Consent Judgment. Any uncertainty or ambiguity shall not be interpreted against any one Party.

34. **Authority.** Each of the persons signing this Consent Judgment on behalf of an entity represents and warrants that he or she has actual authority and capacity to execute this Consent Judgment on behalf of the entity and to bind it to all the terms of this Consent Judgment.

The Parties hereby enter into this Stipulated Order for Consent Judgment and Dismissal, and submit it to the Court in accordance with the terms of this agreement for the Court's approval and entry as a final judgment.

//

//

Consent Judgment and Dismissal                    **18**                    Case No.: 3:21-cv-00295 - SK

EDEN ENVIRONMENTAL CITIZEN'S GROUP LLC

By: _____     Dated: 8/6/2021
    Aiden J. Sanchez, Managing Member


CHANNEL LUMBER COMPANY, INC., a California corporation

By: _____     Dated: 8/6/2021
    Mike Desimoni
    Channel Lumber


MASSIMO DESIMONI, an individual

_____     Dated: 8/6/21
Massimo Desimoni


APPROVED AS TO FORM:


LAW OFFICE OF CRAIG A. BRANDT

By: _____     Dated: 8/6/21
    Craig A. Brandt
    Attorney for EDEN

DOWNEY BRAND LLP

By: _____     Dated: August 10, 2021
    Melissa A. Thorme
    Attorneys for Channel Lumber and
    Massimo Desimoni

### [Proposed] CONSENT JUDGMENT AND DISMISSAL

Upon request of the Parties and in accordance with the terms of the Stipulation for Consent Judgment and Dismissal, incorporated herein by reference:

IT IS HEREBY ORDERED that the Consent Judgment signed by stipulation of the Parties is entered in the above-captioned action, and that the Complaint against all parties is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

IT IS FURTHER ORDERED that, through the Termination Date specified in Paragraph 3 of the Consent Judgment, the Court shall retain jurisdiction for the sole purpose of enforcing compliance by the Parties with the terms of the Consent Judgment.

**APPROVED AND SO ORDERED**, this _____ day of _____, 2021.


_____
THE HONORABLE SALLIE KIM
United States Magistrate Judge